UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                                   Case No: 2:17-cv-358-FtM-38CM

TAMIAMI HOTEL LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Defendant's Unopposed Motion to Set Aside Clerk's Default (Doc. 15) filed on August 11, 2017. On August 6, 2017, Plaintiff filed a Motion for Entry of Clerk's Default, seeking entry of Clerk's default against Defendant, Tamiami Hotel LLC. Doc. 9. On August 7, 2017, the Court granted the motion and directed the Clerk to enter a default against Defendant. Doc. 10. Accordingly, the Clerk entered a default against Defendant on August 8, 2017. Doc. 11. Defendant moves to set aside the Clerk's default, explaining that Defendant's Registered Agent forwarded the Summons and Complaint to Defendant's designated representative in Chile, whose English is not his native language and who did not understand the significance of the Complaint and Summons when it was received. Doc. 15 at 1. It was not until August 9, 2017, when Defendant received the Clerk's Entry of Default, that Defendant understood the situation and retained counsel immediately. *Id.* Plaintiff's counsel consents to setting aside the Clerk's default. *Id.* at 2.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Not susceptible to a precise definition or formula, the Eleventh Circuit has labeled "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation. *See Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Nevertheless, "the standard must be construed to have substance." *Perez*, 774 F. 3d at 1337 n.7. Courts generally evaluate various factors, such as: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7. If circumstances warrant, courts also examine other factors, "including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted). The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez,* 774 F. 3d at 1342; *see also Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)).

Here, based on Defendant's representations and opposing counsel's consent, the Court finds that good cause exists to set aside the Clerk's Entry of Default. Doc. 11. Defendant's default was not willful and Defendant acted promptly to set aside the Clerk's Default. Defendant has meritorious defenses and already filed its Answer and Affirmative Defenses. Doc. 14. Moreover, due to the short delay and Plaintiff's consent to the instant motion, Plaintiff will not be prejudiced by having the Clerk's Default set aside.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Unopposed Motion to Set Aside Clerk's Default (Doc. 15) is **GRANTED**.

2. Clerk's Entry of Default (Doc. 11) entered on August 8, 2017 is hereby **VACATED** and **SET ASIDE**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record